**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Modus LLC, | No. CV-12-00699-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Encore Legal Solutions Incorporated, | |
| Defendant. | |

    The parties have settled this case. (Doc. 168). Pending before the Court are the parties' Joint Motion Requesting Court to Vacate or Withdraw December 17, 2013 Order (Doc. 170) and Joint Motion for Dismissal with Prejudice (Doc. 171). Although the Court grants the motion to dismiss without further comment, brief analysis is necessary regarding the motion to vacate.

**I.    Motion to Vacate**

    The parties have jointly moved the Court to vacate or withdraw its December 17, 2013 Order ruling on Modus' Motion to Dismiss Second Amended Counterclaim and Third-Party Complaint. (Doc. 170 at 2). This Order has been previously filed as Doc. 97 in this case and also published electronically. *See Modus LLC v. Encore Legal Solutions, Inc.*, 2013 WL 6628125 (D. Ariz. Dec. 17, 2013). The sole argument offered in support of the motion is that "[t]his Order potentially impacts the validity under Arizona law of additional unrelated employment agreement [sic] entered between Encore and Epiq and some of their employees. The parties request that the Court withdraw or vacate this Order so it cannot be used in subsequent litigation against Encore or Epiq." (*Id.* at 3).

As an initial matter, because the Court's December 17, 2013 Order did not dispose of all of the claims and parties in this case, *Modus*, 2013 WL 6628125, at *8, it was not a final order. *See State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 776 (9th Cir. 1998). Therefore, even if the Court could construe the parties' motion as one for relief from a final judgment or order under Federal Rule of Civil Procedure 60, such a motion would be procedurally improper.

Nor is it appropriate for the Court to apply the equitable remedy of vacatur pursuant to settlement. "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26-27 (1994) (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993)). Even the Court's decisions, which lack precedential value, are rendered as much for the guidance of the public as they are for the determination of the parties' rights. The Court cannot retroactively erase these decisions from the public domain absent a showing of exceptional circumstances. *See Andrade v. United States*, 2009 WL 855629, at *1 (D. Ariz. Mar. 27, 2009) (declining to vacate an order after settlement). The mere fact that settling parties request vacatur is not sufficient evidence of exceptional circumstances. *See U.S. Bancorp*, 513 U.S. at 29.

Accordingly, the Court will not vacate its December 17, 2013 Order.

## II. Conclusion

For the foregoing reasons,

**IT IS ORDERED** denying the Joint Motion Requesting Court to Vacate or Withdraw December 17, 2013 Order (Doc. 170).

**IT IS FURTHER ORDERED** granting the Joint Motion for Dismissal with Prejudice (Doc. 171).

**IT IS FURTHER ORDERED** denying as moot the Motion for Sanctions Due to Plaintiff's Spoliation of Evidence and Discovery Misconduct (Doc. 121).

**IT IS FURTHER ORDERED** denying as moot Modus, LLC's Motion for Summary Judgment (Doc. 143).

**IT IS FURTHER ORDERED** denying as moot the Stipulation to File Documents Under Seal (Doc. 145).

**IT IS FURTHER ORDERED** denying as moot the Unopposed Motion to file Documents Under Seal (Doc. 158).

**IT IS FURTHER ORDERED** striking the documents lodged at Docs. 146, 147, 148, and 159. These documents shall remain under seal.

**IT IS FURTHER ORDERED** denying as moot Encore/Epiq's Motion for Summary Adjudication as to Liability (Doc. 156).

**IT IS FURTHER ORDERED** dismissing with prejudice all claims, counterclaims, and third-party claims in this case. Each party shall bear its own attorneys' fees and costs.

Dated this 3rd day of September, 2014.

James A. Teilborg
Senior United States District Judge